PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DENISE D. FONNER, *et al.*, ) | |
| ) | CASE NO. 4:13cv323 |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| CHESAPEAKE APPALACHIA, LLC, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Regarding ECF No. 6] |

This matter is before the Court upon the Motion to Remand to State Court filed by Plaintiffs Denise D. Fonner, Emma D. Carlile-Blevins, Alan F. Carlile, Joseph F. Simballa and June I. Simballa ("Plaintiffs"). ECF No. 6. Defendants Chesapeake Appalachia, LLC and Statoil USA Onshore Properties, Inc. ("Defendants") responded (ECF No. 7), and Plaintiffs replied (ECF No. 8). For the reasons that follow, the Court grants Plaintiffs' motion and remands the case to State court.

**I. Background**

The instant case was removed from the Court of Common Pleas, Columbiana County, Ohio, on February 13, 2013 pursuant to 28 U.S.C. §§ 1441 and 1446, and based upon diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1. In their Complaint, Plaintiffs allege that the oil and gas lease executed by the parties was wrongfully assigned, has expired and is, therefore, unenforceable. ECF No. 1-1 at 12. Plaintiffs seek declaratory judgment and attorney fees. ECF No. 1-1 at 12.

After removal, Plaintiffs filed a Motion to Remand, arguing that Defendants failed to

(4:13cv323)

establish that the amount in controversy more likely than not exceeds $75,000 as required by 28 U.S.C. § 1332 (ECF No. 6 at 1), which Defendants opposed (ECF No. 7).

## II. Legal Standard

A defendant seeking removal on the basis of diversity jurisdiction has the burden of proving by a preponderance of the evidence that the complete diversity and amount in controversy requirements are met. *See, e.g.*, *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), overruled on other grounds by *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192-93 (2010). The right of removal is determined by review of a plaintiff's pleading at the time of the petition for removal. *Ramski v. Sears, Roebuck, & Co.*, 656 F.Supp. 963, 965 (N.D.Ohio 1987). "A court may, however, look at subsequent pleadings and proceedings in a case . . . to the extent that they 'shed light on the facts as they existed at the outset of the litigation and on the actual interests of the parties.'" *Hrivnak v. NCO Portfolio Mgmt.*, 723 F.Supp.2d 1020, 1024 (N.D.Ohio 2010) ( citing *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 151 n. 3 (7th Cir. 1981)). A district court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990) (citations omitted). The removal petition is to be strictly construed, and the district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party. *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

In actions seeking a declaratory judgment, the amount in controversy is measured by "the value of the object of the litigation." *Northup Properties, Inc. v. Chesapeake Appalachia, LLC,*

(4:13cv323)

567 F.3d 767, 770 (6th Cir. 2009) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). In the context of an oil and mineral lease, the Sixth Circuit "calculate[s] the amount in controversy by accounting for the mineral interest in the land, and not merely the possessory interest.'" *Northup*, 567 F.3d at 770 n.1; *Caldwell v. OHTEX Energy Co.*, 2011 WL 1465997, at * 2 (S.D.Ohio, April 18, 2012). "In valuing mineral leases, federal courts require competent proof." *Id.*

### III.  Analysis

In support of its notice of removal, Defendants supplied the Court with an affidavit of Jeffrey Pinter, an Operations Land Manager for Defendants Chesapeake Appalachia. ECF No. 1-2 at 1. Mr. Pinter attests that

> The value of the plaintiffs' leases to the Defendants exceed $75,000.00 because if the plaintiffs' leases are declared to be expired . . . the cost of reacquiring the same oil and gas rights in the property encompassed by the plaintiffs' leases would exceed $75,000, assuming those rights could be reacquired.
>
> More specifically, the plaintiffs' leases encompass approximately 72.698 acres. A total payment of $75,000.00 for the oil and gas rights in that amount of acreage would equate to approximately $1031/per acre.
>
> Current market prices for an upfront bonus payment on plaintiffs' property for a five year paid-up lease, and nearby properties within the same area of active and current oil and gas development in Columbiana County, Ohio, exceeds $1031/per acre.
>
> Therefore, to reacquire the oil and gas rights in the 72.698 acres of property encompassed by the plaintiffs' leases, if the plaintiffs' leases are declared expired or if the Defendants are required to release their interest in the plaintiffs' leases as a result of this litigation, would result in a cost to the Defendants that exceeds $75,000.00 assuming that those rights could be reacquired.

ECF No. 1-2 at 4-5.

(4:13cv323)

Plaintiffs argue that this affidavit is based on assumptions that render it highly speculative. ECF No. 6 at 21. Plaintiffs allege that Mr. Pinter's statements focus on the value of the possessory interest— the value of a new lease. ECF No. 6 at 21. Plaintiffs argue this is inadequate because case law instructs that in order to satisfy the jurisdictional amount, Defendants must provide sufficient information and a thorough analysis concerning the value of the mineral interest, or must offer actual proof of a prior offer to lease the properties which exceeds $75,000, and that Defendants have done neither. ECF No. 6 at 21.

Defendants assert that they are not required to offer evidence of the value of the minerals that are believed to underlie Plaintiffs' property when, as here, the "up-front bonus" payment to Plaintiffs exceeds $75,000. ECF No. 7 at 11. Defendants claim that the up-front payment is based on current market conditions encompassing the same amount of acreage as the Plaintiffs' leases. ECF No. 7 at 10. In other words, Defendants ask the Court to consider the current market value for a five year, paid-up lease.

The Court is not persuaded by Defendants' argument. The proper determination of the jurisdictional amount in the Sixth Circuit is an accounting of the mineral interest. *See Northup, 567 F.3d at 769, 771* (rejecting the value of the possessory interest, instead considering an affidavit addressing the estimated future production under the lease, the cost of drilling a well, the discounted present value of the well, the value of the undeveloped acreage, and the initial cost of drilling the well); *Caldwell*, 2011 WL 1465997, at *2, *4 (finding the affidavit insubstantial for failing to meet the standards in *Northup*, and failing to estimate the book value of the asset and the production from nearby wells when a well had not yet been drilled on the

4

(4:13cv323)

plaintiffs' property, relying upon *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017 (8th Cir. 2010) ).[1] Another member of the instant court has found that an accounting was not required as evidence of the value of the mineral lease in light of a submitted declaration that an interested third party had offered more than $100,000 for an oil and gas lease on the property. *See David A. Waldron and Associates, Inc. v. Loon, LLC*, 2012 WL 1598122, at *5 (N.D.Ohio, April 17, 2012).

Defendants have not presented the Court with evidence of the sort aforementioned.[2] Defendants argue that the up-front payment theory was unsuccessful in *Caldwell*, *Northup* and *Usery* because the payment was less than $75,000 (ECF No. 7 at 10-11). Defendants misstate these cases. What Defendants call the "up-front" payments in *Northup* and *Caldwell* were actual payments made to the plaintiffs when they signed the lease. *See Northup*, 567 F.3d at 769; *Caldwell*, 2011 WL 1465997, at *4. Moreover, *Usury* did not involve consideration of an "up-front" payment at all.

Defendants seek leave of Court to take jurisdictional discovery to cure any evidentiary deficiencies in the event the Court finds Defendants' proffered affidavit lacking.[3] ECF No. 7 at

---

[1] In *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1020 (8th Cir. 2010), the Eighth Circuit relied upon *Northup* in formulating its ruling that the court considers expert affidavits in support of the market value of the disputed mineral interest.

[2] Furthermore, Plaintiffs submit evidence that the payment offered to them to renew upon expiration under similar terms a like lease was in total $2,828.96. ECF No. 8 at 2.

[3] Despite Defendants' assertion to the contrary (ECF No. 7 at 14), attorney fees in the instant case are not considered when determining the amount in controversy. The case Defendants cite, *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000), involved the

5

(4:13cv323)

13. The Court denies Defendants' request, noting that Defendants could have submitted evidence of the mineral value of the lease, as required by the Sixth Circuit, but chose not to do so.[4]

### IV. Conclusion

For the reasons stated above, the Court grants Plaintiffs' Motion to Remand (ECF No. 6). The case is remanded to the State court from which it was removed, 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

IT IS SO ORDERED.

| | |
|---|---|
| March 29, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

application of New Jersey law and involved the New Jersey Consumer Fraud Act, which expressly provides for a recovery of attorney fees. *See* Cox v. Sears Roebuck & Co., 647 A.2d 454, 465 (NJ 1994).

   Instead, the general rule is that "attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees." *Wright v. Sand Canyon Corp.*, 2011 WL 1792815, at *1 n.1 (N.D.Ohio, May 11, 2011) (quoting *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007)). Because the instant case does not involve fees provided for by contract or statute, such fees cannot be considered in determining the amount in controversy for purposes of diversity.


   [4] In support of its request for leave to conduct jurisdictional discovery, Defendants cite case law wherein "the court considered factual affidavits from the removing party, which were not submitted until after the plaintiff filed a motion to remand." ECF No. 7 at 15. The Court notes that it would have considered such factual affidavits from Defendants after Plaintiffs filed their motion to remand, but Defendants did not, in opposition, offer any such additional affidavits.

6